1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ALBERT CRUZ,                         No. CIV S-06-2485-GEB-CMK-P

12              Plaintiff,

13        vs.                             <u>ORDER</u>

14   DEL PRADO, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1), filed on

19   November 8, 2006.

20              The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are

3   satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds

4   upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff

5   must allege with at least some degree of particularity overt acts by specific defendants which

6   support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it

7   is impossible for the court to conduct the screening required by law when the allegations are

8   vague and conclusory.

9

10                                          **I.  BACKGROUND**

11            Plaintiff names "Officer Del Prado" and "CDC Warden at DVI."[1] as defendants.

12   Plaintiff alleges:

13            While I was at DVI in 05 Officer Del Prado rolled up my property
          and throw away my dentures.  He Officer Del Prado acted deliberate
14        indifference to my medical needs.  I have AIDS and my dentures are very
          important to my health so I can eat.  I am losing weight all the time.  The
15        court should hold him CDC the warden accountable for his actions.  I no
          longer work in the main kitchen as a cook. [sic]

16

17   This is plaintiff's statement of his claim, in its entirety.  Plaintiff seeks $3,000 in damages –

18   $2,000 to cover the cost of replacement dentures and $1,000 in punitive damages.

19

20                                          **II.  DISCUSSION**

21            Plaintiff's complaint suffers from at least two defects.  First, as to defendant Del

22   Prado, plaintiff has not alleged a causal connection between the defendant's conduct and a

23   serious health risk.  Second, plaintiff has failed to adequately allege supervisory liability as to

24   defendant "CDC Warden at DVI."

25   _____

26        [1]        Deuel Vocation Institution.

                                               2

A.      **Defendant Del Prado**

Plaintiff claims that defendant Del Prado "acted deliberate indifference to my medical needs." The treatment a prisoner receives in prison and the conditions under which the prisoner are confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

/ / /

/ / /

/ / /

1        The requirement of deliberate indifference is less stringent in medical needs cases

2   than in other Eighth Amendment contexts because the responsibility to provide inmates with

3   medical care does not generally conflict with competing penological concerns.  See McGuckin,

4   974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

5   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

6   1989).  The complete denial of medical attention may constitute deliberate indifference.  See

7   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

8   treatment, or interference with medical treatment, may also constitute deliberate indifference.

9   See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

10  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

11       Plaintiff suggests that, because he has AIDS, he loses weight rapidly and needs

12  his dentures to eat.  He does not, however, allege that he could not eat at all as a result of

13  defendant Del Prado "rolling up" his dentures.  Plaintiff also does not allege that defendant Del

14  Prado acted deliberately and for the purpose of causing plaintiff to suffer harm, such as

15  unnecessary weight loss.  Rather, based on the facts recited by plaintiff, it seems that plaintiff's

16  dentures were thrown away accidentally.

17       **B.     Defendant "CDC Warden at DVI"**

18       As to defendant "CDC Warden at DVI," plaintiff has not adequately alleged

19  supervisory liability.  Supervisory personnel are generally not liable under § 1983 for the actions

20  of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is

21  no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

22  violations of subordinates if the supervisor participated in or directed the violations, or knew of

23  the violations and failed to act to prevent them.  See id.   When a defendant holds a supervisory

24  position, the causal link between him and the claimed constitutional violation must be

25  specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

26  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

4

1  involvement of supervisory personnel in civil rights violations are not sufficient.  See <u>Ivey v.</u>

2  <u>Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Here, plaintiff's complaint is devoid of

3  any factual allegations concerning the prison warden.  The only reference to the warden is a

4  request that the court hold him accountable for the alleged conduct of defendant Del Prado.

5

6  ### III.  CONCLUSION

7      Because it is possible that the deficiencies identified in this order may be cured by

8  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

9  action.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

10  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

11  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

12  amend, all claims alleged in the original complaint which are not alleged in the amended

13  complaint are waived.  See <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

14  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

15  plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

16  be complete in itself without reference to any prior pleading.  See <u>id.</u>

17      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

20  each named defendant is involved, and must set forth some affirmative link or connection

21  between each defendant's actions and the claimed deprivation.  See <u>May v. Enomoto</u>, 633 F.2d

22  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

23      Finally, plaintiff is warned that failure to file an amended complaint within the

24  time provided in this order may be grounds for dismissal of this action.  See <u>Ferdik</u>, 963 F.2d at

25  1260-61; <u>see also</u> Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to

26  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule

1   41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

2                   Accordingly, IT IS HEREBY ORDERED that:

3           1.      Plaintiff's complaint (Doc. 1) is dismissed with leave to amend; and

4           2.      Plaintiff shall file a first amended complaint within 30 days of the date of

5   service of this order.

6

7   DATED:   December 8, 2006.

8

9                                               _____

10                                              CRAIG M. KELLISON
                                                UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26