1

2

3

4

5

6

7

8                  **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ALBERT CRUZ,                              No. CIV S-06-2485-GEB-CMK-P

12              Plaintiff,

13        vs.                                  FINDINGS AND RECOMMENDATIONS

14   DEL PRADO, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.   Pending before the court is plaintiff's first amended complaint (Doc. 15).

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

                                              1

1   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are

2   satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds

3   upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff

4   must allege with at least some degree of particularity overt acts by specific defendants which

5   support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it

6   is impossible for the court to conduct the screening required by law when the allegations are

7   vague and conclusory.

8           Plaintiff names "Officer Del Prado" and "CDC Warden at DVI."[1] as defendants.

9   Plaintiff states that defendant Del Prado threw away his dentures with deliberate indifference to

10  his medical needs.  In particular, he states that he has AIDS which causes him to lose weight

11  rapidly and that, without his dentures, he cannot eat.  Plaintiff also alleges that the prison warden

12  should be held accountable for defendant Del Prado's actions.

13         As with the original complaint, these allegations do not state a cognizable claim

14  under § 1983.  As to plaintiff's purported Eighth Amendment claim against defendant Del Prado

15  for deliberate indifference, plaintiff has not alleged that defendant Del Prado acted with the

16  intent to cause plaintiff to suffer.  In fact, plaintiff states that defendant Del Prado "lost his

17  dentures."  Such an allegation is not consistent with deliberate indifference.  Rather, it is clear

18  from the amended complaint that defendant Del Prado accidently – not deliberately –  threw

19  away the dentures.

20         With respect to the prison warden, plaintiff merely alleges that he should be held

21  responsible for defendant Del Prado's conduct.  First, as discussed above, defendant Del Prado's

22  actions were the result of an accident and not a deliberate attempt to cause plaintiff to suffer.

23  Second, even if defendant Del Prado acted deliberately, supervisory personnel cannot be held

24  responsible under § 1983 for the conduct of subordinates absent a causal link between the

25

26      [1]    Deuel Vocation Institution.

1  supervisory defendant and the alleged violation.  Here, plaintiff does not allege such a link.

2  Rather, it is clear that plaintiff's theory against the prison warden is based on respondeat

3  superior.

4          The defects described above were identified when the court dismissed plaintiff's

5  original complaint with leave to amend.  Plaintiff was advised of the appropriate legal standards

6  yet the defects persist.  It thus appears that plaintiff is either unable or unwilling to amend the

7  complaint to state a cognizable claim.  Therefore, the court will recommend dismissal of the

8  entire action without leave to amend.  In other words, because it does not appear possible that the

9  deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to

10  leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126,

11  1131 (9th Cir. 2000) (en banc).

12          Based on the foregoing, the undersigned recommends that this action be

13  dismissed.

14          These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18  Findings and Recommendations."  Failure to file objections within the specified time may waive

19  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20

21  DATED:  May 24, 2007.

22

23                                                        _____

                                                          **CRAIG M. KELLISON**

24                                                        UNITED STATES MAGISTRATE JUDGE

25

26